UNITED STATES of America, Plaintiff,

v.

Sandra DEBOTELLO, Defendant.

No. 91 CR 985.

United States District Court, N.D. Illinois, E.D.

March 10, 1992.

David C. Thomas, Chicago, Ill., for defendant.

Haywood E. McDuffie, Haywood McDuffie, U.S. Attorney's Office, Chicago, Ill., for plaintiff.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendant Sandra DeBotello is charged in the superseding indictment with one count of knowingly transporting monetary instruments of more than $10,000 from Montreal, Canada to Chicago, Illinois, in violation of 31 U.S.C. §§ 5316(a)(1)(B) and 5322(a), and with one count of falsely representing that she was not transporting currency in excess of $10,000, in violation of 18 U.S.C. § 1001. Presently before the court is DeBotello's motion to suppress all evidence seized by the Customs agents and to quash the arrest. Specifically, DeBotello argues: (1) the initial search and seizure was effected without "reasonable cause"; and (2) the agents arrested her without probable cause. For the reasons stated below, the motion is denied.

### I. Background

On March 9, 1992, this court conducted an evidentiary hearing in conjunction with the instant motion. The following facts are taken from that proceeding. On December 9, 1991, defendant Sandra DeBotello, a United States citizen, who departed from Montreal, Canada en route to Santa Domingo in the Dominican Republic, arrived at O'Hare Airport in Chicago on American Airlines flight No. 1456. Upon arrival, agents of the United States Customs Service stopped DeBotello as part of a random preclearance investigation. The agents told DeBotello that they would need to inspect the contents of her purse, from which they discovered $14,290. DeBotello was escorted back on to the airplane and questioned respecting the source of the currency. Finding DeBotello's response inadequate, the agents brought DeBotello into an area used for secondary inspections. There, agents found $27,000 in DeBotello's jacket pockets. As she had previously stated on her Customs declaration form that she was not carrying currency or monetary instruments in excess of $10,000, DeBotello was arrested and charged in the current two-count indictment.

### II. Discussion

As the Customs agent in this case concedes that DeBotello was stopped at random, the sole issue respecting the seized currency is as follows: What level of cause is required before an agent of the United States Customs Service may search a person at an international border? [1]

 DeBotello argues that a warrantless search, such as that in question, requires at a minimum "reasonable cause." The government, on the other hand, argues that 31 U.S.C. § 5317(b), specifically authorizes warrantless border searches without any cause: "For the purposes of ensuring compliance with the requirements of section 5316, a customs officer may stop and search, at the border and without a search warrant, any vehicle, vessel, aircraft, or other conveyance, any envelope or container, and any person entering or departing from the United States." 31 U.S.C. § 5317(b) (Supp.1991).

*Almeida–Sanchez v. United States,* 413 U.S. 266, 272–73, 93 S.Ct. 2535, 2539, 37 L.Ed.2d 596 (1973); *United States v. Alfonso,* 759 F.2d 728, 734 (9th Cir.1985).

---

1. As pointed out by the government, airports are considered the functional equivalent of "borders." *See Montoya de Hernandez,* 473 U.S. 531, 537, 105 S.Ct. 3304, 3310, 87 L.Ed.2d 381 (1985);

Indeed, § 5317(b), as amended in 1986, omits a previous requirement that Customs agents have "reasonable cause" to believe that currency violations are present before conducting a warrantless stop and search. As such, the statute seemingly authorizes routine "border stops," to the full extent permitted under the United States Constitution. *See United States v. Montoya de Hernandez*, 473 U.S. 531, 538, 105 S.Ct. 3304, 3309, 87 L.Ed.2d 381 (1985) ("[T]he Fourth Amendment's balancing of reasonableness is qualitatively different at the international border ... [so that] [r]outine searches of the persons and effects of entrants are not subject to any requirement of reasonable suspicion, probable cause, or warrant."); *United States v. Garcia*, 905 F.2d 557, 559 (1st Cir.1990) ("Clearly, the United States Customs Service has the authority to routinely search, without a warrant or suspicion, baggage and persons in-transit from one foreign country to another.").[2]

In support of the proposition that Customs agents may only search a person upon reasonable cause, DeBotello points to 31 C.F.R. § 103.50(a), which provides in relevant part:

> If a customs officer has reasonable cause to believe that there is a monetary instrument being transported without the filing of the report required by §§ 103.23 and 103.25 of this chapter, he may stop and search, without a search warrant, a ... person entering or departing from the United States with respect to which or whom the officer reasonably believes is transporting such an instrument.

This particular regulation, however, was last amended May 1, 1985—a time in which 31 U.S.C. § 5317 likewise required "reasonable suspicion." To the extent that § 5317 now conflicts with the above regulation, § 5317 must control as the last in time.

Accordingly, we conclude that, consistent with the minimum requirements of the United States Constitution, Customs agents may stop and search individuals at an international border, or its functional equivalent, without a warrant and without cause. As such, the random search of DeBotello falls within the lawful spectrum of governmental activity, and we will not suppress any evidence seized as a result of the search.[3]

### III. Conclusion

For the reasons stated above,[4] we deny DeBotello's motion to suppress all evidence seized by the Customs agents and to quash her arrest. It is so ordered.

---

2. We note that, contrary to DeBotello's assertion, the authority to conduct such a "border search" is irrespective of the individual's "in-transit" status. *Garcia*, 905 F.2d at 559.

3. It is axiomatic that once the Customs agents seized from DeBotello currency in excess of $10,000 and confirmed that she had not declared such currency on the declarations form,

probable cause existed for her arrest. Accordingly, we deny DeBotello's motion to quash the arrest.

4. Because of our decisions, we need not address the government's alternative defenses to the motion.